IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 10, 2007

## STATE OF TENNESSEE v. DARRYEL WEBB a/k/a DARRYL WEBB

**Appeal from the Criminal Court for Shelby County**
**No. 05-08596    Chris Craft, Judge**

_____

**No. W2006-01804-CCA-R3-CD  - Filed July 10, 2007**

_____

The defendant was convicted of aggravated burglary, a Class C felony, by a Shelby County Criminal Court jury.  He was sentenced to fifteen years as a Career Offender to be served in the Department of Correction consecutively to a prior conviction.  In this appeal, he claims that the circumstantial proof of his guilt is insufficient to support his conviction.  We disagree and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Robert Wilson Jones, District Public Defender, Tony N. Brayton (on appeal) and Robert T. Hall (at trial), Assistant Public Defenders, for the appellant, Darryel Webb a/k/a Darryl Webb.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; William L. Gibbons, District Attorney General; and Alanda Horne Dwyer, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

At the defendant's trial, Eloise Worship testified that on March 2, 2005, she lived alone at her home in Memphis.  She said she came home that afternoon and saw the defendant pushing her trash can down the street.  She recognized the trash can as being hers because her can had a broken hook on the top.  She said she asked the defendant what he was doing with her trash can.  She said he responded, "I'll bring it right back."  She said she told him he could not take the trash can.  She said she turned her car around, jumped out of the car, went up to the defendant, and said, "Give me my trash can, what are you doing with my stuff?"  She said she could see the top of her television sticking up out of the trash can.  She said she had no doubt the television was hers because she recognized the trim on the top and edges.  She said she looked toward her house and saw that her window was broken and that the blinds were slanted.  She said the defendant became "really agitated

and angry" and "swung at" her. She testified he said, "'B', I'll 'F' you up." The witness said the defendant used profanity, which she did not repeat on the witness stand.

Ms. Worship said she went to Clara Franklin's house to call the police. She said the defendant left the scene while she was waiting for the police. She said that when she went inside her home, she discovered that it was in disarray and that several items had been taken. She said the property taken included a television, video cassette recorder, and various pieces of jewelry. She said there was glass from broken windows in the house and a crow bar outside the front door. She identified photographs of the interior and exterior of her home which showed the damage and disarray from the burglary.

Ms. Worship said she recognized the defendant as being the same individual who used to live with his son's grandmother in the house next door to her home. She said she later learned his whereabouts by calling her former neighbor with whom the defendant had lived. She said that she notified the police and that she went with them to the location the night following the daytime burglary of her home. She said that while there, the police brought a person out of the house and that she identified that person as the one she had seen pushing her trash can down the street. She said that person was the defendant and that she was positive in her identification.

Officer Vikki Saine of the Memphis Police Department testified that she responded to a burglary call at the victim's home. She described the disarray inside the victim's home. She said that she made a report but that she did not call "crime scene" to process the scene for fingerprints. Officer Saine said that the victim did not know the name of the person she had seen pushing her trash can but that the victim recognized him from the neighborhood. Officer Saine said her partner, Officer Stines, also responded to the call.

Clara Franklin testified that she lived diagonally across the street from the victim. She said the victim came to her house to use the telephone on the date in question. Ms. Franklin said that the victim reported to her that "the guy next door was pushing her garbage can down the street with her belongings." She said the victim had to call the police a second time when they did not arrive after the first call.

Officer Daniel Wallace of the Memphis Police Department testified that on March 2, 2005, he was dispatched in response to a call that the victim knew the whereabouts of the person who had burglarized her home earlier that day. He said he and his partner, Officer Coleman, went to the address with the victim. He said he obtained the homeowner's permission to go inside the house. He said he observed crack pipes and drug paraphernalia and several individuals inside the house. He said the defendant was hiding behind a bathroom door. He said he brought everyone into the living room and inquired which of them was Darryel Webb. He said that no one responded until he threatened to have the Organized Crime Unit search the house for drugs and that the homeowner then identified the defendant. He identified the house where the defendant was apprehended as a "crack house."

After receiving this proof, the jury found the defendant guilty of the charged offense of aggravated burglary. Following sentencing and an unsuccessful motion for new trial, the defendant filed this appeal.

The sole issue before us is the sufficiency of the convicting evidence. Our standard of review when the sufficiency of the evidence is questioned on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This means that we do not reweigh the evidence but presume that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). For an accused to be convicted of a criminal offense based solely upon circumstantial evidence, the facts and the circumstances "must be so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the defendant, and that beyond a reasonable doubt." State v. Sutton, 166 S.W.3d 686, 691 (Tenn. 2005) (quoting State v. Crawford, 225 Tenn. 478, 470 S.W.2d 610, 612 (1971)).

"Aggravated burglary is burglary of a habitation . . . ." T.C.A. § 39-14-403(a). As relevant to this appeal, burglary is committed when a person enters a building without the owner's consent and with the intent to commit a theft. Id. § 39-14-402(a).

The defendant argues that the proof does not exclude the possibility that the defendant came into possession of the victim's property after the burglary. In the light most favorable to the state, the evidence establishes that the defendant was in possession of the victim's trash can filled with her belongings and that the victim's home had been burglarized within a few-hour period that the victim had been gone. The defendant was in the immediate area of the victim's home when she saw him pushing her trash can containing her property down the street. The victim attempted to stop the defendant, and he attempted to hit her, cursed her, and threatened to hurt her. There is no evidence that anyone other than the defendant was involved in the crime. The defendant's presence in the immediate area, his possession of the victim's property, and his attempt to extricate himself forcibly from the situation when challenged by the victim all point the finger of guilt unerringly at him as the perpetrator of the aggravated burglary of the victim's home.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE